UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        )<br>        Plaintiff, )<br>        )<br>    v.  )<br>        )<br>VICTOR JOSE BARRAZA CAZARES, )<br>        )<br>        Defendant. ) | Case No. 8:04CR447-2 |

**O R D E R**

Before the Court is Defendant Victor Jose Barraza Cazares' (Barraza Cazares') Motion for a New Trial for Newly Discovered Evidence Under Rule 16 Which Was Withheld By The Prosecutor and Prosecutorial Misconduct [Doc. # 127] and the Government's Response [Doc. # 128].

**BACKGROUND**

In a one-count indictment, Barraza Cazares and codefendants Ricardo Barraza and Rogelio Rios Lopez (Rios Lopez) were charged with conspiring to distribute and possess with intent to distribute in excess of 500 grams of methamphetamine. Ricardo Barraza pled guilty to the indictment but failed to appear for sentencing. A jury trial of the remaining defendants was scheduled to commence on June 20. On that date, Rios Lopez entered a guilty plea to the indictment and the trial of Barraza Cazares was postponed until June 21.

Prior to the beginning of Barraza Cazares' trial on the morning of June 21, the Government interviewed Rios Lopez. During that interview, Rios Lopez indicated he did not know Barraza Cazares and that he had never met him prior to the incident that led to Rios Lopez's arrest in this case. Although Assistant United States Attorney William Mickle was present during the interview of

Rios Lopez, Mickle never mentioned the interview to Barraza Cazares' counsel Timothy Ashford when Mickle arrived to begin the trial on June 21. Ashford did not learn of the interview until shortly before the jury returned its verdict of guilty on June 24. It is undisputed that in a letter addressed to the Government dated April 7, 2005, Ashford had requested proffer statements from any and all codefendants in this case.

## ANALYSIS

In his current motion, Barraza Cazares argues that he should be granted a new trial because the Government's failure to disclose Rios Lopez's statements (in particular the statement that Rios Lopez did not know Barraza Cazares and that he had never met him prior to the transaction in this case) violated his Fifth Amendment right to due process and his Sixth Amendment right to confrontation. Specifically, Barraza Cazares claims disclosure of Rios Lopez's proffer statements was required under Fed. R. Crim. P. 16, by the Supreme Court's holding in Brady v. Maryland, 373 U.S. 83(1983), and by the Nebraska Code of Professional Responsibility; and that the nondisclosure "prohibited [him] from challenging the police officers in-court theories of the relationship between drug dealers."

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Federal Rule of Criminal Procedure 16 requires that, upon a defendant's request, the government disclose, *inter alia*, books, documents, papers, data, photographs, tangible objects, and buildings or places, if the item is material to preparing the defense. In this case, there is no indication that the interview with Rios Lopez was recorded or

2

memorialized in any manner, and therefore, it is questionable whether there was any "item" to disclose at the time of trial.  As the Government recognizes, Barraza Cazares' claims appear to more properly fall within the requirements set out in Brady v. Maryland, 373 U.S. 83(1983), in which the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87.  Like Brady, Nebraska Code of Professional Responsibility Disciplinary Rule 7-103 requires prosecutors "make timely disclosure to counsel for the defendant. . . of the existence of evidence, known to the prosecutor or other government lawyer, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment."  Accordingly, although Defendant cites multiple legal theories to support his claim that the Government violated his due process rights entitling him to a new trial, the Court finds that Defendant must show a Brady violation to succeed.  Furthermore, for the reasons stated below, the Court finds that Barraza Cazares has failed to show such a violation.

    Barraza Cazares alleges Rios Lopez's statement that he did not know Barraza Cazares and that he had never met him prior to the transaction in this case is exculpatory as it tends to show that Barraza Cazares was not involved in the conspiracy.  Even assuming that this statement could be considered exculpatory, the Court finds that the nondisclosure of the statement does not constitute a Brady violation.  The Eighth Circuit has held that the government

3

does not violate Brady by failing to disclose evidence to which a defendant has access to through other channels. United States v. Zuazo, 243 F.3d 428, 431 (8th Cir. 2001). In this case, Barraza Cazares and his attorney were present on June 20, 2005, when Rios Lopez and the Government negotiated a plea agreement and they were well aware that Rios Lopez entered his guilty plea on that date. There is no indication that Rios Lopez ever refused to speak with Barraza Cazares' attorney. To the contrary, it was Rios Lopez's attorney who first disclosed to Barraza Cazares' attorney that Rios Lopez had participated in an interview during which he had denied knowing Barraza Cazares. Moreover, Barraza Cazares would have known that Rios Lopez had never met him. Under these circumstances, the Court finds no Brady violation occurred as Barraza Cazares would have already known that Rios Lopez did not know him and that Rios Lopez could testify to this, and there is no indication the Government prevented Barraza Cazares' attorney from interviewing Rios Lopez. Zuazo, 243 F.3d at 431 (no Brady violation where government failed to disclose identity and proffer statements of cooperating coconspirator prior to trial; defendant was well aware of coconspirator and his potential testimony, having traveled with him for two days from California to Minnesota, there was no allegation that government attempted to restrict defendant's access to coconspirator, and facts underlying coconspirator's statements were not unknown to defendant, who testified to same facts); United States v. Jones, 160 F.3d 473, 479-80 (8th Cir. 1998) (no Brady violation if defendants, using reasonable diligence, could have obtained information themselves).

The Court also finds no Sixth Amendment violation occurred as a result of the nondisclosure. Barraza Cazares' attorney suggests that the nondisclosure prohibited him from challenging witness testimony about the relationship between drug dealers. The Court notes that Barraza Cazares' attorney vigorously cross examined the Government's witnesses about the relationships between drug dealers. The Court fails to see how the Government's nondisclosure of Rios Lopez's statements in anyway impaired this cross examination. Barraza Cazares argues that he did not have the opportunity to present the fact that Rios Lopez did not know Barraza Cazares. However, the Court finds, as stated above, that the Government in no way prevented Barraza Cazares from eliciting this information from Rios Lopez himself, and Barraza Cazares was well aware that Rios Lopez would be able to testify to this fact.

Finally, Barraza Cazares asks this Court to order the Government not to contact Rios Lopez until his attorney has had an opportunity to depose him. Barraza Cazares states that he "believes the government will try to tamper with the testimony of [Rios Lopez]." The Court finds no support for this belief. Accordingly, the request is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Victor Jose Barraza Cazares' Motion for a New Trial for Newly Discovered Evidence Under Rule 16 Which Was Withheld By The Prosecutor and Prosecutorial Misconduct [Doc. # 127] is DENIED.

Entered this  13th  day of July, 2005.

                                    s/ Joe B. McDade
                                  JOE BILLY McDADE
                              United States District Judge