IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:04CR447 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| VICTOR JOSE BARRAZA CAZARES, ) | |
| ) | |
| Defendant. ) | |

Before the court is Filing No. 180, the "Motion to Vacate under 28 U.S.C. § 2255" ("§ 2255 motion") filed by the defendant, Victor Jose Barraza Cazares. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After a jury trial, the jury found the defendant guilty on Count I of the Indictment, for conspiracy to distribute and possession with intent to distribute methamphetamine. This court sentenced the defendant to 188 months in the custody of the Bureau of Prisons, followed by five years of supervised release. Filing No. 144. The defendant appealed to the Eighth Circuit Court of Appeals and raised the following four issues: 1) that the government's use of a co-defendant's out-of-court statement during the trial violated the hearsay/confrontation clause, in violation of *Crawford v. Washington,* 541 U.S. 36 (2004);

2) that the district court committed error in sending jury instruction number 7[1] to the jury without specifically stating the defendant had a constitutional right not to testify; 3) that the government offered no evidence to support a conviction; and 4) that the prosecutor violated the *Brady* rule when he failed to disclose to the defendant an exculpatory statement made by a co-defendant, *Brady v. Maryland*, 373 U.S. 83 (1963).

The Eighth Circuit Court of Appeals affirmed the district court on each of the four issues raised by the defendant. See *United States v. Barraza Cazares*, 465 F.3d 327 (8th Cir. 2006). In addressing the first issue, the Eighth Circuit concluded the government's use of the co-defendant's out of court statement did not constitute hearsay because "Sergeant Mora did not offer an out of court statement for the truth of the matter asserted." *Id.* at 332 (citing Fed.R.Evid. 801(c)). Next, the Eighth Circuit held that the district court did not err in issuing jury instruction number 7 because the district court's "instruction correctly characterized the law, adequately informed the jury of the defendant's right to remain silent, and explained the impropriety of making adverse inferences based on that fact." *Id.* (citing *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 252 F.3d 1010, 1012 (8th Cir.2001)). Regarding the challenge to the sufficiency of the evidence, the Eighth Circuit dismissed defendant's challenge and found that "a reasonable jury could find that the evidence taken as a whole established guilt beyond a reasonable doubt." *Barraza Cazares*, 465 F.3d at 332. Finally, in evaluating whether the prosecutor's actions constituted a violation of the *Brady* rule, the Eighth Circuit reasoned that although "the statement by Lopez was clearly

---

[1] Jury Instruction No. 7 read as follows: "There is no burden upon a defendant to prove that he is innocent. Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict." Filing No. 119.

2

exculpatory . . . ," the prosecutor's failure to disclose the statement did not violate the *Brady* rule because the statement would not "have been sufficient to overcome the balance of the evidence and undermine confidence in the outcome." *Id.* at 333-334 (internal quotations omitted).

In his § 2255 motion, defendant raises variations of these same four issues, all of which the Eighth Circuit addressed on appeal. Issues raised and decided on direct appeal, however, "may not be re-litigated under § 2255." *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam); *see also English v. United States*, 998 F.2d 609, 612 (8th Cir. 1993) (defendant "cannot use a section 2255 petition to collaterally attack the sufficiency of the evidence in his case, [when that] issue [was] resolved on direct appeal."). "In the absence of an intervening change in the law, or newly discovered evidence, we will not reconsider any claim that was resolved on direct appeal in a section 2255 habeas proceeding." *English*, 998 F.2d at 613 (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)). In the present case, defendant has made no argument nor has he presented any evidence to demonstrate either an intervening change in the law or newly discovered evidence in his case. As such, the court will not reconsider his claims that the Eighth Circuit has already adjudicated on his direct appeal.

In addition to the four claims he raised on appeal, defendant also raises two new claims in his § 2255 motion: 1) that the district court sentenced him to an excessive sentence, and 2) that he received ineffective assistance of counsel. It is clear, however, from the face of defendant's § 2255 motion that he is not entitled to relief for either claim.

As to the first new claim, defendant could have raised this issue on appeal, but elected not to. Because the defendant did not raise this issue on direct appeal, he is

procedurally barred from raising this claim regarding his sentence for the first time now on collateral review. *See, e.g., United States v. Moss,* 252 F.3d 993, 1001 (8th Cir. 2001) ("Because habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal . . . a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence.").

Thus, in order to obtain collateral review of his sentencing claim that he has procedurally defaulted, the defendant must show "'either cause and actual prejudice, or that he is actually innocent.'" *Johnson v. United States,* 278 F.3d 839, 844 (8th Cir. 2002), *quoting Bousley v. U.S.,* 523 U.S. 614, 622 (1998). The defendant has shown neither cause nor prejudice for the failure to assert the defaulted claim on appeal nor actual innocence[2] of the offense of conviction. As a result, it is clear from the face of his § 2255 motion that defendant is not entitled to relief. Accordingly, the court dismisses defendant's § 2255 claim for an excessive sentence.

Finally, the defendant raises a claim of ineffective assistance of counsel. *See* Filing No. 180 at 23. The defendant, however, has made no specific allegations that his counsel, Timothy L. Ashford, rendered ineffective assistance. Defendant's brief only raises allegations regarding the conduct of the government's attorney and never discusses any aspect of his own attorney's conduct during the course of his proceedings. The court finds the defendant has failed to articulate or present a claim of ineffective assistance of counsel. Consequently, the court finds the defendant is not entitled to any relief on his

---

[2]"In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction." *McNeal v. U.S.*, 249 F.3d 747, 749 (8th Cir. 2001), *cert. denied*, 534 U.S. 1148 (2002). The defendant has made no showing of factual innocence.

claim for ineffective assistance of counsel.

Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief on claims he has presented. His § 2255 claims, therefore, are summarily dismissed with prejudice.

IT IS ORDERED:

1.  The defendant's "Motion to Vacate under 28 U.S.C. § 2255" (Filing No. 180) is summarily dismissed with prejudice.

2.  A separate Judgment will be issued in conjunction with this Memorandum and Order.

3.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 9th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge