IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR447 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VICTOR JOSE BARRAZA CAZARES, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Filing No. 186, the notice of appeal filed by the defendant, Victor Jose Barraza Cazares. The defendant now appeals the Memorandum and Order (Filing No. 184) in which this court denied the defendant's 28 U.S.C. § 2255 motion filed on September 30, 2008 (Filing No. 180). In Filing No. 184, this court summarily dismissed the defendant's § 2255 motion since it was clear from the face of the motion that the defendant was not entitled to relief for any of his claims.

Pursuant to AEDPA, the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *See* Fed. R. App. P. 22(b):

> (b) Certificate of Appealability.
>
> (1) . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> . . . .
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Thus, a defendant seeking a certificate of appealability must demonstrate "'a substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253(c)(2)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.*

Upon review of the record, the court concludes that Cazares has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). In its February 9, 2009 Memorandum and Order (Filing No. 184), this court denied several of the claims in Cazares's § 2255 motion because he had raised the claims on appeal before the Eighth Circuit. Issues raised and decided on direct appeal "may not be re-litigated under § 2255." *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam). The court also denied Cazares's sentencing claim because he could have raised the claim on his appeal, but elected not to. When a defendant fails to raise an issue on direct appeal, he is procedurally barred from raising that claim for the first time on collateral review. *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Finally, the

court denied the defendant's claim for ineffective assistance of counsel because the defendant failed to articulate or present a claim of ineffective assistance of counsel in his § 2255 motion. In his notice of appeal, Cazares does not contest the validity of the court's reasoning in denying his § 2255 motion, nor does he contend that the court's decision resulted in the denial of any of his constitutional rights.

As the defendant has presented no evidence or argument that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El, 537 U.S. at 327*, the court concludes that the defendant has failed to make a substantial showing of the denial of his constitutional rights.

Consequently, the court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

SO ORDERED.

DATED this 20th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge